CYRUS CULVER *v.* JOEL EGGERS.

'The right of a *de facto* officer to hold his office, cannot be questioned collaterally—as, *here*, by objecting to an answer purporting to have been sworn to before him.

*Semble*, that a bill for the specific performance of a contract to convey land cannot be sustained by a vendee, where the memorandum in writing relied upon, identifies the tract merely as "a certain tract of land where he [the bargainee] now lives," and the bill avers that such tract was sold fraudulently as containing 328 acres, but in truth contained only 100 acres, and thereupon proceeds to ask an account of what has been paid by the plaintiff, and a conveyance of the 100 acres, with compensation; the principle of the class of cases nearest to this being, that a *vendor* may ask for specific performance offering compensation for a failure in the title to some *small and immaterial part* of the land.

( *Williams* v. *Somers*, 1 Dev. & Bat. 60, cited and approved.)

INJUNCTION, dissolved upon motion, by *Henry, J.*, at WA-TAUGA Spring Term 1869.

The bill set forth that the plaintiff had bargained with the defendant for a tract of land which the latter described as containing 328 acres, showing the bargainee the boundary of it; that the boundary was falsely stated, and the tract contained only 100 acres; that the defendant had received from the plaintiff money enough to pay for the 100 acres—although not all that he had agreed to give for the 328 acres; the prayer was for a specific performance in regard to the 100· acres, an account, and an injunction against the defendant's selling or

collecting the balance due upon the notes given for the purchase money by the plaintiff.

The memorandum of the contract, was as follows:

"STATE OF NORTH CAROLINA,

WATAUGA COUNTY.

Know all men by these presents I, Joel Eggers, have this day sold to Cyrus Culver, a certain tract of land where he now lives for the sum of $1,000, on the waters of Elk Creek. The above obligation is such, &c. August 21st, 1865.

JOEL EGGERS, seal."

The defendant's answer denied the facts alleged in the bill as to the fraud.

This answer was sworn to before one Critcher, Clerk of the Superior Court.

The plaintiffs " in reply " to the plea, alleged that Critcher was not Clerk and so could not administer an oath, &c.

The defendant demurred.

His Honor gave judgment allowing the demurrer, and dissolving the injunction; and the plaintiff appealed.

No counsel for the appellant.

*Battle & Sons, contra.*

PEARSON, C. J. The replication, or plea, of the plaintiff, as it is indifferently called in the transcript, seeks to put in issue the validity of the appointment to the office of Clerk of the Superior Court, of Will. J. Critcher, who certifies to the signature and oath of the defendant to his answer. The title to an office cannot be determined in this collateral way. It must be done in some direct proceeding, to which Critcher is a party, as by *quo warranto*. *Williams* v. *Somers*, 1 D. & B. 61.

His Honor very properly treated the answer as duly certified by a Clerk *de facto*, and was well warranted in passing over the "replication or plea" as of no effect or legal signifi-

CULVER v. EGGERS.

cance. We concur in his ruling upon the motion to dissolve the injunction, for the answer is responsive to the allegations of the complaint, and fully denies all of the allegations by which the plaintiff attempts to set up ground for relief. Indeed, we are inclined to the opinion that the injunction was imprudently granted, because the complaint does not make a case:

1. The memorandum in writing of the agreement, describes the land as " a certain tract of land where he now resides." We admit that this vagueness may be aided by an averment in the complaint. The averment is that the tract of land on which he resided was a tract of one hundred acres; so the description is not made to fit the subject-matter of the contract set out in the complaint, to-wit, Three hundred and twenty-eight acres, of which two hundred and twenty-eight is averred to be vacant land.

2. The allegations make a case for the *rescission* of the contract, on the ground of fraud: but the relief asked for is a *specific performance*, and that not of the contract set out, but of a contract which the Court is asked to make for the parties, by letting the plaintiff have the tract of one hundred acres on which he resides, at a fair valuation, and putting the two hundred and twenty-eight acres aside, as land " the title to which was outstanding in the State of North Carolina."

There is no precedent for this relief in any judicial proceeding: a vendee is never required to take a defective title with warranty, although a vendor is sometimes allowed to have a specific performance upon making compensation for a defective title to some small part, which does not materially affect the value of the subject matter of the contract.

In this case the *vendee* asks that the vendor may be compelled to make compensation for more than two thirds of the land.

The ruling of his Honor is affirmed.

PER CURIAM.                                    Judgment affirmed.